UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO.: 15-_____

MICHAEL S. MARCUM and
SELENA MARCUM
PLAINTIFFS


V.


PAYNES LANDING HOMEOWNERS ASSOCIATION, INC.

 Serve:  ROB MCGOODWIN
   350 The Grange Lane
   Lexington, Kentucky 40511
   (Registered Agent for Paynes Landing Homeowners Association, Inc.)

and

MCGOODWIN COMMERCIAL REAL ESTATE, INC.

 Serve:  SUSAN MCGOODWIN
   350 The Grange Lane
   Lexington, Kentucky 40511
   (Registered Agent for McGoodwin Commercial Real Estate, Inc.)

and

ROBERT A. MCGOODWIN, individually and
as the agent of McGoodwin Commercial Real Estate, Inc.

 Serve:  ROBERT A. MCGOODWIN
   350 The Grange Lane
   Lexington, Kentucky 40511

and

GLENN A. HOSKINS, P.S.C.

 Serve:  GLENN A. HOSKINS
   1077 Eastland Drive
   Lexington, Kentucky 40555
DEFENDANTS

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and for claims of defamation, breach of contract, breach of the implied covenant of good faith and fair dealing and for declaratory and injunctive relief under Kentucky common and/or statutory law.

### II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. § 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  In addition to Kentucky statutory and common law, declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3.      At all times relevant, Plaintiffs, Michael S. Marcum and Selena Marcum, husband and wife, are and were a citizen of the Commonwealth of Kentucky residing at 107 Swilcan Bridge Way, Georgetown, Scott County, Kentucky 40324.

4.      At all times relevant, Defendant Paynes Landing Homeowners Association, Inc. ("HOA") is and was a Kentucky corporation engaged in the business of providing for the management, maintenance and care of its association's property with a principal address of P.O. Box 90, Lexington, KY 40588. According to the Kentucky Secretary of State, Defendant HOA's agent for service of process is: Rob McGoodwin, 350 The Grange Lane, Lexington, KY 40511.

5.      At all times relevant, Defendant McGoodwin Commercial Real Estate ("MCRE") is and was a Kentucky corporation engaging in the business of management and collection of HOA debts in this state with its principal place of business being located at 350 The Grange Lane, Lexington, KY 40511. At all times relevant Defendant MCRE was acting as the agent of Defendant HOA, the principal purpose of said agency relationship being the collection of Defendant HOA's debts using the mail, electronic mail and telephone, with Defendant MCRE regularly attempting to collect debts due to and on behalf of another. According to the Kentucky Secretary of State, Defendant MCRE's agent for service of process is: Rob McGoodwin, 350 The Grange Lane, Lexington, KY 40511.

6.      At all times relevant, Defendant Glenn A. Hoskins, P.S.C. ("Hoskins") is and was a Kentucky Personal Services Corporation and law practice in the Commonwealth of Kentucky, engaged in the business of collecting debts in this state with his principal place of business located at 1077 Eastland Drive, Lexington, KY 40555. At all times relevant Defendant Hoskins was acting as the agent of Defendant HOA and Defendant MCRE, the principal purpose of said agency relationships being the collection of Defendant HOA's debts using the mail, electronic mail and telephone, with Defendant MCRE engaging in the business of collecting debts due to and on behalf of another. At all times relevant, Glenn A. Hoskins is and was an attorney duly licensed in the Commonwealth of Kentucky and employee, agent and representative of Defendant Hoskins acting within the scope thereof, and Defendant Hoskins is liable for the act and omission of said employee, agent or representative as alleged herein. According to the Kentucky Secretary of State, Defendant Hoskins' agent for service of process is: Glenn A. Hoskins, 1077 Eastland Drive, Lexington, KY 40555.

7.      At all times Relevant, Defendant Robert A. McGoodwin is and was a citizen of

3

the Commonwealth of Kentucky residing at 350 The Grange Lane, Lexington, KY 40511 acting both individually and in his capacity as agent for both Defendant MCRE and Defendant HOA.

8.      Defendant MCRE and Defendant Hoskins are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

9.      On December 12, 2008, Plaintiffs purchased real property located at 107 Swilcan Bridge Way Georgetown, KY 40324 ("subject property").

10.      At the time of the purchase, Plaintiffs were given the option to choose whether their property would be part of the Canewood Homeowners Association or Defendant Paynes Landing Homeowners Association ("Defendant HOA") due to the location of the subject property.

11.      At approximately the same time, Plaintiffs were advised that membership in the Canewood HOA carried with it annual dues of approximately one thousand three-hundred dollars ($1,300) due to provisions allowing members access to the Canewood Golf Course and swimming pool.

12.      Plaintiffs were further advised that Defendant HOA and the staff of the Canewood HOA were under the common direction of John Barlow and therefore membership in the Defendant HOA provided only for restrictive covenants against the subject property.

13.      Plaintiffs elected membership in the Defendant HOA as there was no disclosure of mandatory annual dues.

14.      At the closing of Plaintiffs' purchase of the subject property, Plaintiffs and the seller executed a Deed and Conveyance of the subject property which included a provision excepting from the warranties and covenants "[a]ll existing easements, covenants, restrictions,

conditions, and reservations affecting the above described property, which are of record in the Scott County Clerk's Office." (A copy of the Deed is attached hereto as **Exhibit "A"**).

15.     Plaintiffs were not provided with any documents at the time of closing detailing the restrictive covenants set forth by the Defendant HOA, but instead were informed that the "restrictions" were "pretty standard" and a copy would be forwarded to them.

16.     At all times relevant, Defendant HOA did not maintain or repair the Payne's Landing Subdivision streets or common areas; did not landscape, mow or maintain the common areas; did not provide for crosswalks in the subdivision; did not clear storm drains and/or basins of debris; and did not maintain the pond and surrounding area that are common-area centerpieces of the subdivision.

17.     Approximately three years later, in or about May 2012, Plaintiff began receiving communications from Defendant HOA alleging that Plaintiffs were delinquent in paying dues to Defendant HOA.

18.     Plaintiffs never received any information regarding the "restrictions" referenced in paragraph 14 herein, so under the advice of counsel they contacted the Scott County Court Clerk's office and acquired a copy of Defendant HOA's "Declaration of Covenants and Restrictions" that allegedly pertains to the subject property. (A copy of the Declaration is attached hereto as **Exhibit "B"**).

19.      Both Exhibit "A" and Exhibit "B" are silent as it relates to any amount that is to be paid to Defendant HOA as dues.

20.     In an effort to understand the invoices they had received, Plaintiffs contacted Defendant HOA by sending them a letter disputing the bill, but did not receive a reply from any HOA representative.

21.     Upon information and belief, Defendant MCRE began collecting dues on behalf of Defendant HOA on or about February 12, 2015.

22.     At the time Defendant MCRE was tasked with the collection of the underlying alleged debt in this matter by Defendant HOA, the alleged debt was considered to be past due and in default.

23.     Plaintiffs had received nothing further from Defendant HOA since sending the above referenced correspondence until May 16, 2015 when Plaintiffs received a misleading communication via US Mail, dated May 13, 2015, from Defendant MCRE wherein Defendant MCRE deceptively identified itself as Defendant HOA and alleging a past due amount of $1287.67.

24.     Defendant MCRE's May 13, 2015 communication did not include any statement identifying them as a debt collector or stating that they were attempting to collect a debt, but did identify Defendant MCRE as "professionally managing" Defendant HOA in very small print at the bottom of the invoice.

25.     Among other things, the May 13, 2015 communication deceptively threatened Plaintiffs with the filing of a lien against the subject property and the assessment of an attorney's fee if the alleged amount due remained unpaid. Unbeknownst to the Plaintiffs at the time, was the fact that Defendant HOA, without providing notice to Plaintiffs, had already asserted a lien against the subject property on February 19, 2013. (A copy of the Unpaid Assessment Lien filed with the Scott County Court Clerk' Office is attached hereto as **Exhibit "C"**).

26.     Exhibit "B" is silent as it relates to any right for Defendant HOA to recover costs or attorney's fees stemming from Plaintiffs' alleged breach of an affirmative covenant to pay annual dues.

6

27.     Additionally, Exhibit "B" is silent as it relates to any right for Defendant HOA to charge or collect a late fee or "finance charge" from Plaintiffs.

28.     On or about June 11, 2015, Plaintiffs disputed the validity of the alleged debt to Defendant MCRE through Plaintiff's counsel.

29.     On June 15, 2015, Defendant MCRE responded to Plaintiff's counsel via electronic mail (on which Defendant Hoskins was copied) providing a spreadsheet breakdown of the alleged past-due amount totaling $1149.67 as validation of the debt.

30.     On June 17, 2015, Defendant MCRE sent correspondence to Plaintiffs'' counsel confirming that it did "not have the power to accept anything less than what is owed."

31.     On June 19, 2015, Plaintiff's counsel contacted Defendant Hoskins via electronic mail and requested that Hoskins confirm whether or not he represented Defendant HOA, but Defendant Hoskins did not respond.

32.     Despite Defendant Hoskins having been notified that Plaintiffs were represented by counsel, Defendant Hoskins sent a dunning letter dated September 15, 2015 directly to Plaintiffs, which Plaintiffs received on September 17, 2015, stating that he represented Defendant HOA and that Plaintiffs' "account" was delinquent with an "outstanding balance of $1,287.67 (including late payment charges)."

33.     Defendant Hoskins' dunning letter also deceptively threatened "that unless payment in full has been received by the Association's Treasurer by 5:00 P.M., on Monday, September 28, 2015, we shall, on the following business day, file the aforementioned lien against your property".

34.     It is undisputed that more than two years prior to Defendant Hoskins sending the above referenced misleading correspondence to Plaintiffs on September 15, 2015, a lien had

already been filed by Defendant HOA against the subject property.

35.     On that same day, Plaintiffs' counsel contacted Defendant Hoskins via telephone and reasserted to Defendant Hoskins that he represented the Plaintiffs in this matter, all communications should be directed to him, and that Plaintiffs disputed the debt alleged to be due to Defendant HOA. Defendant Hoskins stated to Plaintiffs' counsel that he was newly involved with the issue, and that he would talk with Defendant MCRE and call Plaintiffs' counsel back.

36.     Defendant Hoskins never called Plaintiff's counsel back.

37.     On October 15, 2015, Plaintiffs' counsel reiterated his September 17, 2015 telephone call to Defendant Hoskins through correspondence sent via U.S. Mail and electronic mail formally disputing the alleged debt and requesting validation of the same. (A true and correct copy of Plaintiffs' dispute letter is attached hereto as **Exhibit "D"**).

38.     Defendant Hoskins did not respond and has not provided Plaintiffs with any information in response to the aforementioned request for validation of the alleged debt.

39.     On or about March 10, 2016, while attempting to re-mortgage the subject property, Plaintiffs discovered that Defendant MCRE, without the permission of Plaintiffs, wrongly communicated to a third-party that Plaintiffs were past due on their HOA dues and that "payment in full" of $1,513.67 was required to release the previously filed lien. (A true and correct copy of the communication sent from Defendant MCRE to the third-party is attached hereto as **Exhibit "E"**).

40.     Plaintiffs were stunned and confused to discover that in Exhibit "F", Defendant MCRE was leveraging their lien against Plaintiffs' potential mortgage in an attempt to collect an amount of money greater than any previously alleged amount past due, and part of which was admittedly not past due according to their own records.

41.     On March 10, 2016, Plaintiffs' counsel again contacted Defendant Hoskins via electronic mail and advised him that Plaintiffs were attempting to secure a mortgage and requested a response regarding their earlier communications.

42.     On March 21, 2016, Defendant Hoskins replied to Plaintiffs' counsel via electronic mail stating "I met with the HOA Manager earlier today, and they do not have any authority to reduce the amount of the HOA balance quoted previously."

43.     Plaintiffs' counsel immediately replied requesting that Defendant Hoskins identify who had such authority, but Defendant Hoskins again failed and/or refused to respond.

44.     Astonishingly, on May 5, 2016, Defendant Hoskins again communicated another confusing payment demand for a different amount directly to the Plaintiffs through correspondence "regarding [Plaintiffs'] delinquent account balance of $1,425.67."

45.     Defendant Hoskins' correspondence further stated that unless Plaintiffs satisfied the "full amount due" by May 24, 2016, a civil action would be filed to enforce Defendant HOA's alleged lien against the subject property. (A true and correct copy of Defendant Hoskins correspondence dated May 5, 2016 is attached hereto as **Exhibit "F"**).

46.     At all times relevant, both Defendant Hoskins and Defendant MCRE were acting as "debt collectors" for the purpose of collecting a debt allegedly owed to another.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

47.     Plaintiffs incorporate by reference the allegations in each paragraphs 1 through 46 above as if fully set out herein.

48.     An actual controversy exists between Plaintiffs and Defendant HOA as to whether Exhibit "B" to this Complaint is a valid and enforceable agreement and whether it contains an affirmative covenant sufficient to impose a contractual duty on Plaintiffs to pay annual dues in

any amount to Defendant HOA.

49.     It is undisputed that neither Plaintiffs nor a representative of Defendant HOA ever signed Exhibit "B" to this Complaint.

50.     Plaintiffs submit that KRS 446.060(1) states that "when a law requires a writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of the writing." A signature so placed raises the logical inference that the document expresses all which the signer desires to authenticate and to which he intends to be bound.

51.     Plaintiffs further allege that KRS 446.060 does not eliminate the doctrine of incorporation by reference, but instead submit that any such incorporation must be in plain and direct language above the signature pursuant to KRS 446.060(1).

52.     Plaintiffs allege that Exhibit "B" is void and unenforceable as it was never signed by the parties and is not incorporated by reference into Exhibit "A" with the specificity required by KRS 446.060(1) and Kentucky precedent. Instead, Exhibit "A" makes a broad and sweeping statement referencing various potential documents stating:

> "[p]rovided, however, there is excepted from the foregoing covenants and warranty: 1. [a]ll existing easements, covenants, restrictions, conditions, and reservations affecting the above property, which are of record in the Scott County Clerk' Office."

53.     Specifically, Plaintiffs allege that it must be clear that the parties to the agreement had knowledge and assented to the incorporated terms. Kentucky law is clear; language that simply directs attention to some other alleged term outside the four corners of writing is insufficient.

54.     Plaintiffs submit that Exhibit "B" requires a signature at the "end or close of the writing", as a matter of law, as Section 29 of the writing satisfies the requirement set forth in

KRS 371.010(7) by stating that the covenants and restrictions set out within Exhibit "B", "shall be binding on all parties and all persons claiming under them for a period of thirty (30) years".

55.     Plaintiffs further allege that as a matter of law, Exhibit "B" lacks material terms within the four corners of the document sufficient to satisfy the "meeting of the minds" requirement and therefore lacks the required *consensus ad idem* to be binding and enforceable.

56.     Plaintiffs allege that Exhibit "B" contains no affirmative covenant requiring Plaintiffs to pay any specific amount as demanded by Defendant HOA.

57.     Plaintiffs further allege that any statement or invoice that Defendant HOA may attempt to rely upon to communicate any alleged amount due from Plaintiffs would constitute a subsequent writing, and should be deemed unenforceable pursuant to KRS 446.060(1) and/or KRS 371.010(7); as such a document is not specifically incorporated by reference within Exhibit "B".

58.     Plaintiffs allege that the plain language of Section 28 of Exhibit "B" does not entitle Defendant HOA to recover attorney's fees and/or costs for alleged violations of any affirmative covenant. The language of Section 28 is specific to "any violation of restrictions under this document" which clearly references restrictive covenants. Kentucky law draws a bright line that delineates restrictive covenants from affirmative covenants describing restrictive covenants.

59.     Accordingly, Plaintiffs are entitled to declaratory judgment against the Defendants as set forth herein and above pursuant to Kentucky law.

**SECOND CAUSE OF ACTION**
**(Violations of FDCPA; 15 U.S.C. § 1692)**

60.     The Plaintiffs reallege and incorporate paragraphs 1 through 59 above as if fully set out herein.

61.    Defendant MCRE violated 15 U.S.C. § 1692f when it used unfair or unconscionable means while engaged in the collection of the alleged debt as alleged herein.

62.    Defendant MCRE has violated §1692c(a)(2) by, on two or more occasions, intentionally contacting the Plaintiff when it had prior knowledge that the Plaintiff was represented by counsel.

(a)    Defendant MCRE was properly provided with the name, current address and telephone number of Plaintiff's counsel and failed or refused to make a concerted effort to contact the same.

63.    Defendant MCRE did not have the Plaintiff's permission to contact him; did not obtain the express permission from a court of competent jurisdiction; and did not obtain consent from Plaintiff's counsel prior to engaging in the prohibited communications.

64.    Defendant MCRE has violated 15 U.S.C. § 1692e(11), by failing and/or refusing to advise the Plaintiff on at least two (2) occasions, that it was a debt collector attempting to collect a debt.

65.    Defendant MCRE violated 15 U.S.C. § 1692c(b) when without the Plaintiffs having given their prior consent, Defendant MCRE, without the express permission of a court of competent jurisdiction, or being reasonably necessary to effectuate a post-judgment judicial remedy, communicated with a third party in connection with the collection of the underlying alleged debt as stated herein, by communicating to said third-party that Plaintiffs owed a past due amount of $1,513.67 to Defendant HOA.

66.    Defendant MCRE violated 15 U.S.C § 1692(f) by using unfair, unconscionable or deceptive debt collection practices to collect or attempt to collect the underlying alleged debt when it misleadingly represented itself as Defendant HOA on multiple communications sent

directly to the Plaintiffs.

67.    Defendant MCRE violated 15 U.S.C. § 1692f when it used unfair or unconscionable means while engaged in the collection of the alleged debt by attempting to collect an amount that included "late payment charges", "finance charge[s]", "15% late fee", "$18.00 late fee[s]", attorney's fees and costs in various amounts that are not expressly permitted by law or authorized by Exhibit "B", the agreement alleged to have authorized the alleged debt in this matter.

68.    Defendant MCRE has violated 15 U.S.C § 1692(e), by falsely representing the character, amount or legal status of the alleged debt when it implied and/or represented that the Plaintiffs owed and were past due an amount that was not accurate and had failed to satisfy the alleged debt, for the purpose of coercing, disgracing and humiliating the Plaintiffs, all of which was an improper attempt to leverage payment from the Plaintiffs.

69.    Defendant MCRE violated 15 U.S.C § 1692e(10) by utilizing false representations and/or deceptive means to attempt to collect an alleged debt when Defendant MCRE falsely represented and communicated to third parties that Plaintiffs owed a past due amount of $1,513.67 to Defendant HOA, solely for the purpose of coercing payment by disgracing and humiliating the Plaintiffs.

70.    Defendant MCRE violated 15 U.S.C § 1692e(10) by utilizing false representations and/or deceptive means to attempt to collect an alleged debt when on at least two (2) occasions, and with knowledge that a lien had previously been asserted against the subject property by Defendant HOA on February 19, 2013,  Defendant MCRE falsely represented and threatened Plaintiffs that unless payment was made immediately, additional liens would be asserted against the subject property and Plaintiffs would incur additional expense.

71.     At all times relevant, Defendant MCRE conspired with, and was the authorized, actual or ostensible agent of Defendant HOA acting within the scope of it agency and Defendant HOA is vicariously liable for the acts committed by the its agent.

72.     As a direct, proximate, and foreseeable result of the above violations of the FDCPA, Defendant MCRE is liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiffs' actual and statutory damages. The Plaintiff is further entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k.

**THIRD CAUSE OF ACTION**
**(Violations of FDCPA; 15 U.S.C. § 1692)**

73.     The Plaintiffs reallege and incorporate paragraphs 1 through 72 above as if fully set out herein.

74.     Defendant Hoskins violated 15 U.S.C. § 1692f when he used unfair or unconscionable means while engaged in the collection of the alleged debt as alleged herein.

75.     Defendant Hoskins violated §1692c(a)(2) by, on two or more occasions, intentionally contacting the Plaintiff when he had prior knowledge that the Plaintiff was represented by counsel.

        (a)     Defendant Hoskins had previously communicated with Plaintiffs' counsel on multiple occasions regarding the underlying issue and was clearly aware of the name, current address, email address and telephone number of Plaintiff's counsel, but failed or refused to make a concerted effort to contact the same.

76.     Defendant Hoskins has violated 15 U.S.C. § 1692g, by failing or refusing to cease further collection activity and provide validation of the debt upon their receipt of a request for validation from the Plaintiff.

14

77.    Defendant Hoskins violated 15 U.S.C § 1692e(10) by utilizing false representations and/or deceptive means to attempt to collect an alleged debt when he sent correspondence directly to Plaintiffs on September 15, 2015, with knowledge that a lien had previously been asserted against the subject property by Defendant HOA on February 19, 2013, Defendant Hoskins falsely represented and threatened Plaintiffs that unless payment was made immediately, an additional lien would be asserted against the subject property and Plaintiffs would incur significant additional expense.

78.    Defendant Hoskins violated 15 U.S.C. § 1692f when he used unfair or unconscionable means while engaged in the collection of the alleged debt by attempting to collect an amount that included "late payment charges", "finance charge[s]", "15% late fee", "$18.00 late fee[s]", attorney's fees and costs in various amounts that are not expressly permitted by law or authorized by Exhibit "B", the agreement alleged to have authorized the alleged debt in this matter.

79.    Defendant Hoskins has violated 15 U.S.C. § 1692e(2)(A), §1692e(5) and §1692e(10) by falsely representing the imminence of legal action against the Plaintiffs when none was intended.

80.    At all times relevant, Defendant Hoskins conspired with, and was the authorized, actual or ostensible agent of Defendants MCRE and HOA acting within the scope of his agency and Defendants MCRE and HOA are vicariously liable for the acts committed by the their agent.

81.    As a direct, proximate, and foreseeable result of the above violations of the FDCPA, Defendant Hoskins is liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiffs' actual and statutory damages. The Plaintiffs are further entitled to recover costs and attorney's fees from Defendants in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1692k.

## FOURTH CAUSE OF ACTION
### (Defamation)

82.     The Plaintiffs reallege and reincorporate paragraphs 1 through 81 above as if fully set out herein.

83.     Defendant HOA defamed Plaintiffs by publishing the false and misleading assertion to third parties that Plaintiffs owed, and had wrongfully failed and/or refused to pay a valid debt to Defendant HOA in the amount of $893.23 by expressly and/or impliedly publishing to third parties through the filing of Exhibit "C" without Plaintiffs knowledge.

84.     Defendant HOA published the false representations alleged herein to third parties including acquaintances of Plaintiffs, potential lenders and prospective buyers of the subject property.

85.     Defendant HOA's defamation of the Plaintiffs was intentional, willful and with malice, or with wanton and/or reckless disregard for truth of said allegations.  Defendant MCRE did not have any reasonable basis to believe that the Plaintiffs owed the amount published and/or communicated to said third parties.

86.     As a direct and proximate result of this conduct, action and inaction of Defendant HOA, the Plaintiffs have suffered and will continue to suffer damage by humiliation, embarrassment, loss of sleep, anxiety, loss of the ability to refinance their home and benefit from credit, mental and emotional pain and anguish.

87.     The defamation, conduct and actions of Defendant HOA was deliberate, willful, intentional and/or with reckless disregard for the interests and rights of Plaintiffs such as to justify an award of punitive damages against Defendant HOA in an amount to be determined by the Court.

## FIFTH CAUSE OF ACTION
### (Defamation)

88.    The Plaintiffs reallege and incorporate paragraphs 1 through 87 above as if fully set out herein.

89.    At all times relevant, Defendant MCRE and Defendant McGoodwin are and were the agents of Defendant HOA acting individually and within the scope of their agency, including when Defendants McGoodwin and MCRE defamed Plaintiffs by publishing the false and misleading assertion that Plaintiff owed a past due debt totaling $1513.67 to Defendant HOA and when it expressly and/or impliedly published that Plaintiffs wrongfully failed and/or refused to pay said debt.

90.    Defendants HOA and MCRE, by and through the actions of their agent, Defendant McGoodwin, published the false representations alleged herein to third parties including potential lenders and acquaintances of Plaintiffs through electronic mail.

91.    Defendants MCRE, HOA and McGoodwin's defamation of the Plaintiffs was intentional, willful and with malice, or with wanton and/or reckless disregard for truth of said allegations.  Defendants did not have any reasonable basis to believe that the amount published was past due and owed by Plaintiffs when Defendants communicated to said third parties.

92.    Defendant MCRE is vicariously liable for the defamation of Plaintiffs committed by its agent, Defendant McGoodwin, as alleged herein, and/or Defendant MCRE ratified the defamatory actions of Defendant McGoodwin and Defendant MCRE is liable to the Plaintiff for the damages suffered pursuant to the doctrine of *respondeat superior* as alleged herein.

93.    Defendant HOA is vicariously liable for the defamation of Plaintiffs committed by its agent, Defendant MCRE, as alleged herein, and/or Defendant HOA ratified the defamatory

actions of Defendant MCRE and Defendant HOA is liable to the Plaintiff for the damages suffered pursuant to the doctrine of *respondeat superior* as alleged herein.

94.    As a direct and proximate result of this conduct, action and inaction of Defendant McGoodwin, Defendant MCRE and Defendant HOA, the Plaintiff suffered and will continue to suffer damage by humiliation, embarrassment, loss of sleep, anxiety, loss of the ability to refinance their home and benefit from credit; and the mental and emotional pain and anguish.

95.    The defamation, conduct and actions of Defendants McGoodwin, MCRE and HOA were deliberate, willful, intentional and/or with reckless disregard for the interests and rights of Plaintiffs such as to justify an award of punitive damages against Defendants McGoodwin, MCRE and HOA in an amount to be determined by the Court.

## SIXTH CAUSE OF ACTION
### (Breach of Contract)

96.    Plaintiff restates and reasserts each and every allegation set out above as if set forth at length herein.

97.    In the alternative, Defendant HOA is contractually obligated and has a duty, without limitation, to maintain or repair the Payne's Landing Subdivision streets or common areas, landscape, mow or maintain the common areas (including provisions for regular grass cutting), crosswalks in the subdivision, pedestrian access areas, clear storm drains and/or basins of debris, maintain the pond and surrounding area that are common-area centerpieces of the subdivision.

98.    In the alternative, Defendant HOA materially breached its contractual obligations and duties owed to the Plaintiff by failing and/or refusing to maintain or repair the Payne's Landing Subdivision streets or common areas, landscape, mow or maintain the common areas

(including providing for regular grass cutting), crosswalks in the subdivision, pedestrian access areas, storm drains and/or basins of debris, maintain the detention pond and surrounding area that are common-area centerpieces of the subdivision as set forth in Exhibit "B" hereto.

99.     As a direct, proximate, and foreseeable result of the breach of Defendant Glenn Toyota's contractual obligations and duties alleged herein, Plaintiff has suffered actual damages as well as incidental and consequential damages, or in such amount subject to proof at trial, all to the detriment of Plaintiff.

### SEVENTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

100.    Plaintiffs restate and reassert each and every allegation set out above as if forth at length herein.

101.    In the alternative, at all times relevant Plaintiffs had a valid and enforceable contract, agreement and understanding with Defendant HOA, which includes an implied covenant of good faith and fair dealing.

102.    In the alternative, Defendant HOA breached the implied covenant of good faith and fair dealing by failing or refusing to discharge its contractual responsibilities by consciously and deliberately taking advantage of ambiguities it purposely placed in Exhibit "B", which was prepared by or on behalf of Defendant HOA, to the extent that Defendant HOA's actions and/or inactions unfairly frustrate the agreed common purpose of Exhibit "B" and fail to meet the reasonable expectations of Plaintiffs thereby depriving Plaintiffs of the benefits of the agreement. Defendant HOA's actions as alleged herein were purposeful, dishonest, and undertaken in bad faith.

103.    In the alternative, having failed or refused to satisfy its contractual obligations and duties it owed Plaintiffs and having engaged in the actions alleged herein, Defendant HOA has

breached the covenant of good faith and fair dealing owed to Plaintiffs, and as a direct, proximate and foreseeable result, Plaintiffs have suffered actual, incidental and consequential damages in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs respectfully pray that a judgment be entered against the Defendant(s) for the following:

A.   Declaratory judgment as follows:

    i.   that the conduct of Defendants MCRE and Hoskins as alleged herein violated the Fair Debt Collection Practices Act;

    ii.   that Exhibit "A" does not sufficiently and specifically incorporate Exhibit "B" by reference as required by Kentucky law and therefore Exhibit "B" is unenforceable;

    iii.   that Exhibit "B" attached hereto violates Kentucky law as it lacks mutual assent and is absent required material terms and is therefore unenforceable;

    iv.   that Exhibit "B" does not allow for the collection of attorney's fees, finance charges or costs due to any breach of an affirmative covenant

B.   Injunctive relief restraining and enjoining Defendant(s), or others on their behalf, from committing further prohibited acts;

C.   Actual damages and compensatory damages;

D.   Statutory damages pursuant to 15 U.S.C. § 1692k;

E.   Punitive damages;

F.   Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

G.   For trial by Jury on all triable issues; and

H.   For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Reid A. Glass
**REID A. GLASS**
P.O. Box 1615
Grayson, KY 41143
606-922-0498
*Counsel for Plaintiff*


*AND*


**MICHAEL B. FOX**
FOX LAW OFFICE
P.O. Box 1450
Olive Hill, Kentucky 41164
606-286-5351
*Counsel for Plaintiff*